UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL R. MANIZAK,

    Petitioner,                                              Case Number 13-CV-10789

v.                                                            HON. MARK A. GOLDSMITH

RANDALL HAAS,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. INTRODUCTION

    This is a habeas action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner, Michigan prisoner Paul R. Manizak, is incarcerated by the Michigan Department of Corrections at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Petitioner is serving four to twenty years for receiving and concealing stolen property. Petitioner was convicted on November 28, 2012, following a jury trial in the Frank Murphy Hall of Justice in Wayne County, Michigan. He was sentenced on December 13, 2012, as a habitual offender, fourth offense.

    On February 26, 2013, Petitioner, proceeding pro se, filed this habeas petition, signed and dated February 20, 2013.[1] It is difficult to understand Petitioner's allegations. Looking through the legal narrative, which is somewhat confusing and rambling, it appears that Petitioner is challenging his conviction on the basis that his arrest was illegal. In reviewing Petitioner's application, it is apparent that he has not exhausted his claim in the state courts. With regards to

---

[1] Petitioner filed a previous habeas petition with this Court, Manizak v. Napoleon, No. 12-CV-13586 (E.D. Mich. Nov. 15, 2012), which was dismissed for failure to exhaust state-court remedies.

Petitioner's appeal before the Michigan Court of Appeals, Petitioner's appeal remains pending. See People v. Manizak, No. 314541 (Mich. Ct. App.) available at http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx (last visited April 30, 2013).

For the reasons stated below, the Court will dismiss the habeas petition without prejudice because Petitioner has not exhausted his state-court remedies. The Court also will decline to issue Petitioner a certificate of appealability.

## II.  DISCUSSION

Upon the filing of a habeas-corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2254, Rule 4, Rules Governing Section 2254 cases. If the Court determines that Petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) (federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face).

A prisoner filing a petition for a writ of habeas corpus under section 2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b)(1)(A). Therefore, a Michigan prisoner must raise each issue he or she seeks to present in a federal-habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006). The claims also must be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984) ("The general rule is that only issues of constitutional magnitude are cognizable."). In Michigan, this means that the issues must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Hafley v. Sowders, 902 F.2d 480, 483 (6th

Cir. 1990).  The petitioner has the burden of showing exhaustion.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not met his burden because his appeal remains pending in the Michigan Court of Appeals.  Because Petitioner's claim may be resolved in the pending appeal, he, therefore, must await resolution of the claim.  Once the Court of Appeals has decided his appeal, he may then file an application for leave to appeal with the Michigan Supreme Court.  After complete exhaustion of his state-court remedies, Petitioner may then decide to re-file his habeas petition in federal court.

The Court finds that Petitioner's claim remains unexhausted.  Therefore, the Court will dismiss the petition without prejudice for failure to exhaust.  Petitioner may move to re-open this matter upon exhausting his state-court remedies with the state-appellate courts.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue when the Petitioner shows that jurists of reason would (i) find it debatable whether the petition states a valid claim of the denial of a constitutional right and (ii) find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling.

### III.  CONCLUSION

For the reasons stated above, the Court concludes that Petitioner has failed to exhaust his state-court remedies and that his remedies must be completed in the state courts before seeking federal-habeas review.

Accordingly, the Court dismisses without prejudice Petitioner's petition for a writ of habeas corpus and declines to issue Petitioner a certificate of appealability.  Furthermore, the Court also denies leave to proceed in forma pauperis on appeal because an appeal cannot be taken in good faith.  See Fed. R. App. P. 24(a).

SO ORDERED.


Dated:  May 2, 2013                                             s/Mark A. Goldsmith
        Flint, Michigan                                         MARK A. GOLDSMITH
                                                                United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2013.

                                                                s/Deborah J. Goltz
                                                                DEBORAH J. GOLTZ
                                                                Case Manager